IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COSTAR REALTY INFORMATION, INC., | § § § § | |
| Plaintiff, | | |
| V. | § § | 1-15-CV-440  RP |
| REALMASSIVE, INC., JOSHUA MCCLURE, CRAIG HANCOCK, JASON VERTREES, and CRAIG NEGOESCU, | § § § § § § | |
| Defendants | § | |

## ORDER

Before the Court are Defendants' Rule 12(f) Motion to Strike Section V of Plaintiff's Complaint, filed June 17, 2015 (Clerk's Dkt. #17) and the responsive pleadings thereto. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I.  BACKGROUND

Plaintiff CoStar Realty Information, Inc. ("CoStar") brings this action against RealMassive, Inc. ("RealMassive"), as well as its president Joshua McClure ("McClure"), its chief executive officer Craig Hancock, its chief technology officer Jason Vertrees, and its 'vice president of creative and design" Craig Negoescu.  (Compl. ¶¶ 15-20).

Plaintiff describes itself as "a leading provider of commercial real estate information to brokers and other professionals."  (*Id*. ¶ 1).  According to CoStar, its core asset is a database of commercial real estate information, which includes millions of copyrighted photographs. CoStar licenses the content of its database to commercial real estate professionals, including brokers, for a subscription fee and also provides an integrated suite of online services utilizing its database. CoStar states it expends over $70 million each year generating and updating its database's content.  (*Id*. ¶¶ 4-7, 28-31).

Plaintiff alleges Defendants operate a website that displays commercial real estate listings for markets across the United States. Plaintiff further alleges Defendants acquire those listings, including the photographs within them, at least in part by copying content from other internet sites without authorization. Plaintiff specifically alleges RealMassive's website prominently displays CoStar's copyrighted photographs of commercial real estate, but CoStar has not granted Defendants any rights to use its copyrighted photographs. According to Plaintiff, this infringement on CoStar's intellectual property is intentional and in blatant disregard of law. (*Id*. ¶¶ 10-13).

CoStar alleges the actions of Defendants constitutes both direct and contributory copyright infringement in violation of federal law. (*Id*. ¶¶ 81-104). CoStar seeks injunctive relief, monetary damages and attorneys' fees.

Defendants have now filed a motion to strike a section of Plaintiff's complaint. They contend the allegations in that section are not addressed to the actual claims made by Plaintiff in this lawsuit and thus are not properly part of CoStar's complaint. The parties have filed responsive pleadings and the matter is now ripe for determination.

## II. STANDARD OF REVIEW

Rule 12(f) permits a party to request the Court strike "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Pub. Instruction of Escambia Cnty*, 306 F.2d 862, 868 (5th Cir. 1962) (motion to strike should be granted only when matter to be stricken has no possible relation to controversy). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

### III. ANALYSIS

Defendants move to strike one section of Plaintiff's complaint on the ground the allegations contained in that section are immaterial and not pertinent to any issue in this case. The section at issue, labeled Section V, sets forth allegations of conduct by Defendant McClure, RealMassive's president and co-founder. Specifically, the section asserts McClure was "involved with" EasyAd, which was in turn sued by craigslist in California in 2008 for copyright infringement, resulting in a default judgment against EasyAd, its principal and its successor. (Compl. ¶¶ 66-69).

Plaintiff further alleges McClure was deposed during that litigation, and revealed his involvement with Troopal. According to Plaintiff, Troopal "distributed and sold craigslist mass posting software derived from the unlawful EasyAd program." (*Id*. ¶ 70). Plaintiff continues by alleging that, during his deposition, McClure testified Troopal was incorporated, and housed its servers, in Panama to make the company "craigslist bulletproof." (*Id*. ¶ 72). Plaintiff additionally alleges McClure provided further detail in an online forum about Troopal's "efforts to avoid United States law and intellectual property owners." (*Id*. ¶ 74). Plaintiff further alleges craigslist obtained an $8.2 million judgment against McClure, Troopal and others for violating federal copyright law, as well as other federal statutes, but that McClure "has not paid a cent of the outstanding judgment against him." (*Id*. ¶¶ 76-78)

Defendants contend the allegations in Section V of Plaintiff's complaint should be stricken because they recite allegations of conduct on the part of McClure which are not related to the allegations at issue here. They further contend the allegations are prejudicial as the allegations accuse McClure of other illegal acts and imply he has continued his improper conduct. Defendants also point out the judgements assessed against McClure were the result of a default, and argue the wrongfulness of his conduct has never actually been adjudicated.

Plaintiff contends the allegations should not be stricken as they are relevant to the issue of

wilfulness.[1]  *See* 17 U.S.C. § 504(c)(2) (court may increase award of statutory damages for copyright infringement on finding that infringement "was committed willfully").  The Copyright Act does not define the term "willfully."  The Fifth Circuit has suggested the term "willful" under the Copyright Act covers situations both where the defendant has recklessly disregarded the plaintiff's rights, or when the defendant knew or should have known it was infringing on a copyrighted work.  *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 394-95 (5th Cir. 2014) (concluding "willful" under § 504(c)(2) encompasses more than just "knowing" infringements).  *See also N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (holding finding of "reckless disregard of the copyright holder's rights (rather than actual knowledge of infringement) suffices to warrant [an] award of enhanced damages"); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020–21 (7th Cir. 1991) (holding term "willful" encompasses "reckless disregard of the copyright owner's right"); *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988) (holding "willfully" under the Copyright Act encompasses reckless disregard).

Defendants in turn contend the prior lawsuits identified in Section V are not properly considered because they were filed four and eight years prior to this suit, and the lawsuits involved different parties, industries and claims.  They suggest prior litigation is properly considered only when the prior suits were directly connected to or closely resembled the current suit, or involved highly similar acts of infringement of works of similarly situated plaintiffs.

The Court is not convinced by Defendants' argument for two reasons.  First, the finding of willfulness may be based, in part, on familiarity with copyright law.  *See Lance v. Freddie Records, Inc.*, 986 F.2d 1419 (5th Cir. 1993) (noting defendant "was not unfamiliar with the copyright laws" in rejecting challenge to award of statutory damages); *Broadcast Music, Inc. v. Xanthas, Inc.*, 855

---

[1] Plaintiff also suggests the motion should be denied as untimely because it was not filed prior to Defendants' answer.  As Defendants point out, however, the motion was electronically filed mere moments after the filing of their answer.  And the answer specifically states it is subject to the motion to strike.  (Def. Ans. ¶¶ 66-80).  Accordingly, the Court considers the motion as timely filed.

F.2d 233, 236 (5th Cir. 1988) (finding of willfulness appropriate where defendant admitted it knew of copyright registration requirements and made conscious decision to violate them). Even if, as Defendants contend, McClure was never found liable for violation of copyright law in the prior suits involving him, the prior suits could certainly support a conclusion that he was aware of copyright law and his obligations thereunder.

Second, this case is in the initial pleading stage. Whether evidence of McClure's prior litigation history will actually be properly considered as evidence of willfulness is not the inquiry at this stage. Rather, the Fifth Circuit has made clear that an allegation is not properly stricken "unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962). *See also Augustus*, 306 F.2d at 868 (motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy"). On the current record, the Court cannot determine whether the allegations in Section V of Plaintiff's complaint are wholly immaterial to the allegations at issue in this case. Defendants have thus not shown they should be stricken.

### III. CONCLUSION

The Court hereby **DENIES** Defendants' Rule 12(f) Motion to Strike Section V of Plaintiff's Complaint (Clerk's Dkt. #17).

**SIGNED** on August 11, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE

5