# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> REALMASSIVE, INC., JOSHUA MCCLURE, CRAIG HANCOCK, JASON VERTREES, and CRAIG NEGOESCU, <br><br> Defendants. | Civil Action No. 1:15-cv-440-RP <br><br> CONSENT DECREE |

Pursuant to the joint motion of Plaintiff CoStar Realty Information, Inc. ("Plaintiff") and Defendants RealMassive, Inc. ("RealMassive"), Joshua McClure, Craig Hancock, Jason Vertrees, and Craig Negoescu (collectively, "Defendants"), the Court enters the following Consent Decree:

1. For the purposes of this Consent Decree, the following definitions shall apply:

    a. "CoStar Photograph(s)" shall mean any and all copyrighted images (or portions thereof), whether now in existence or later created, in which Plaintiff (including its parents, subsidiaries, or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106).

    b. The "RealMassive System" shall mean the website, service, or services currently operated or controlled by RealMassive, and any servers, software, and electronic data that make up or support such websites and services, as well as any social media accounts owned or operated by RealMassive. For the avoidance of doubt, this

definition shall continue to apply if the RealMassive System is in the future owned and/or operated by a person, persons, entity or entities other than RealMassive.

2. Defendants, and each of them, and including their respective officers, agents, servants, employees, representatives and attorneys, and such other persons who are in active concert or participation with the foregoing individuals or entities:

    a. Shall be permanently restrained and enjoined from infringing, by any means, directly or indirectly, any exclusive rights under the Copyright Act in CoStar Photographs.

    b. Shall not maintain, publish or display on the RealMassive System any photograph identified by the filtering technology described in paragraph 3 below as a CoStar Photograph.

    c. Upon receipt of a written notification by Plaintiff in compliance with this paragraph that one or more CoStar Photograph(s) is or are being displayed by the RealMassive System notwithstanding this Consent Decree and the photograph filtering technology referenced above, RealMassive shall act expeditiously to remove the CoStar Photograph(s) from the RealMassive System and shall use the notification and limitation-of-service procedures described in paragraphs 3.b and 3.c below. Such written notification, for each CoStar Photograph at issue, shall contain at least the following information:

        i. The specific URL or URLs at which Plaintiff or its representative accessed the photograph;

        ii. An affirmation by CoStar that it owns the copyright in the photograph; and

iii. The copyright registration number applicable to the photograph, or if not registered, a brief description of the means by which CoStar acquired its ownership of the copyright in the photograph sufficient to substantiate its assertion of ownership.

    d.    Shall be further enjoined from operating any website, system, or software that is substantially similar to the RealMassive System unless and until state-of-the-art photograph identification and filtering technology as provided in paragraph 3 below is incorporated into such website, system, or software.

    e.    Shall take reasonable steps sufficient to monitor and ensure that all persons within their control or employment (whether as independent contractors, employees, directors, officers, representatives, affiliates, agents, partners, or in some other capacity) comply with this Consent Decree.

    f.    Shall take all reasonable corrective action with respect to any person described in paragraph 2.e above whom any Defendant determines is not in compliance with the terms of this Consent Decree, which may include, without limitation, training, disciplining, and/or terminating all relationships with such person, and notifying Plaintiff promptly in writing of the underlying conduct.

3. Within forty-five (45) days from the date of this Order, RealMassive shall implement state-of-the-art photograph identification and filtering technology, from a reliable third-party technology vendor, approved by Plaintiff, whose approval of such vendor shall not be unreasonably withheld, that prevents infringement of CoStar Photographs. Notwithstanding the outer deadline of 45 days, RealMassive shall exercise good faith efforts to implement the photograph identification and filtering technology as soon as it

becomes reasonably practicable to do so. Such photograph identification and filtering technology shall operate in-line on the RealMassive System, which means it shall complete its photograph identification and filtering before a photograph is published or displayed on the RealMassive System. In addition, such photograph identification and filtering technology shall be based on digital fingerprinting technology such as that currently employed by the approved third-party technology vendors listed below, unless and until the parties agree that a different technology has been proven to be more effective at identifying CoStar Photographs. As of the date of entry of this Consent Decree, Plaintiff identifies Vobile, PicScout, and ImageProtect as approved third-party technology vendors.

      a.     Real Massive shall make commercially reasonable efforts to ensure the filtering technology achieves maximum effectiveness in preventing infringement of CoStar Photographs, and shall not take any actions designed or intended to prevent the filtering technology from achieving maximum effectiveness in preventing infringement of CoStar Photographs. With the exception of photographs taken (created) by RealMassive or commissioned to be taken (created) by RealMassive and photographs licensed to RealMassive by Google, Inc., or a reputable third-party licensor of original photographs, RealMassive shall ensure that any and every photograph of commercial real estate properties submitted for inclusion in the RealMassive System, whether acquired by Defendants from a user upload, data harvesting, or any other source, is analyzed by the filtering technology before it is published or displayed on the RealMassive System. RealMassive shall operate the RealMassive System to ensure that CoStar Photographs

identified by the filtering technology are not published or displayed on the RealMassive System.

b.   Upon receipt of written notification by the filtering technology vendor that a photograph submitted for inclusion in the RealMassive System is a CoStar Photograph, RealMassive will notify the source of the photograph of Plaintiff's claim of ownership of the photograph. If the source is a third party that has uploaded the photograph, RealMassive will notify the third party in writing that the photograph has not been published on the RealMassive System due to Plaintiff's claim of ownership of the photograph and will further notify the third party that in the event future photographs over which CoStar asserts a claim of ownership are uploaded, and the third party fails to demonstrate its ownership of or right to upload the disputed photographs, RealMassive will restrict the third party's ability to upload photographs of commercial real estate to the RealMassive System.

c.   If an additional CoStar Photograph is submitted to RealMassive by a third party after notice under paragraph 3.b above has been sent to such third party, or any entity with which the third party is affiliated, then the ability of such third party to submit additional photographs to RealMassive shall be blocked unless and until such third party provides RealMassive with *prima facie* evidence of authorization to copy and submit each such additional photograph.

d.   Plaintiff shall be responsible for submitting CoStar Photographs to the filtering technology vendor chosen by RealMassive so that such photographs may be identified and filtered, and Plaintiff shall submit only photographs that it (1) receives from its photographers or for which it has otherwise acquired rights; (2) owns exclusive

rights to; and (3) has submitted or has the right to submit to the United States Copyright Office for registration. Plaintiff shall use reasonable efforts to notify the filtering technology vendor of any change in copyright ownership as to any submitted photograph so that the filtering technology vendor may remove such photograph(s) from its filter. Plaintiff shall make commercially reasonable efforts to place a visible copyright notice or CoStar watermark on all CoStar Photographs submitted to the United States Copyright Office for registration.

  e. Defendants shall not have any access to the CoStar Photographs submitted by Plaintiff to the filtering technology vendor.

  4. If any of the Defendants sell, lease, license, convey, directly or indirectly release publicly, distribute, give away, or otherwise transfer or assign, all or substantially all of the RealMassive System, or otherwise cause or allow to occur a change of control of all or substantially all of the business, operations, equity, or assets of RealMassive or any successor or affiliate that owns and/or operates the RealMassive System (collectively, a "Transfer"), they will require, as a condition of any such Transfer, that each purchaser, lessee, or other transferee or assignee (collectively, a "Transferee") (a) submit to this Court's jurisdiction and venue and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient, and (b) agree in writing to be bound by the injunctive terms herein. The Defendants shall not permit any Transfer to close unless and until the Transferee has agreed, in writing, to be bound by this Consent Decree. Defendants further shall not engage in a Transfer with or to any person whom Defendants know to be engaged in, or intending to be engaged in, conduct that would violate the terms of paragraph 3 above.

5. The parties irrevocably and fully waive notice of entry of this Consent Decree, and notice and service of the entered Consent Decree, and understand and agree that violation of the Consent Decree will expose the parties to all penalties provided by law, including for contempt of Court.

6. The parties agree forthwith to give notice of this Consent Decree to each of their officers, directors, agents, servants, employees, assigns, partners, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them, and to request adherence to the terms of this Consent Decree.

7. To the extent Plaintiff has reason to believe that any Defendant has violated any provision herein, Plaintiff will provide such Defendant written notice of the specific nature of the alleged violation and ten (10) business days to cure before seeking to enforce this Consent Decree.

8. This Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Consent Decree or the parties' Release and Settlement Agreement. Any such matters shall be raised by noticed motion. The parties irrevocably and fully waive and relinquish any argument that venue or jurisdiction by the Court is improper or inconvenient.

9. For the avoidance of doubt, this Court holds it has personal jurisdiction over the parties, and this Consent Decree applies to the conduct of Plaintiff and Defendants wherever they may be found, including, without limitation, outside of the United States.

10. The parties irrevocably and fully waive any and all right to appeal the Consent Decree, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

11. Nothing contained in the Consent Decree shall limit the right of Plaintiff to recover damages for any and all infringements by Defendants of any CoStar Photograph occurring after the date the parties jointly move for entry of this Consent Decree.

12. Plaintiff shall not be required to post any bond or security, and Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

13. This Consent Decree shall be permanently in force unless otherwise ordered by this Court, except that paragraphs 2.b, 2.c, 2.d, and 3 shall expire automatically three-and-a-half years after the date the Court enters the Consent Decree. The expiration of paragraphs 2.b, 2.c, 2.d, and 3 shall be without prejudice to Plaintiff's freedom to apply for an extension of those provisions by motion showing good cause why that extension is justified.

IT IS SO ORDERED.

March 3, 2016
Date

THE HONORABLE ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE